IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-6-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ISABELLA BROCKINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

On March 2, 2009, pursuant to a plea agreement [D.E. 13], Isabella Brockington ("Brockington") pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base and 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. See [D.E. 3]; [D.E. 13] 5–6, 9. The conspiracy took place from 2006 to on or about July 27, 2008 [D.E. 3]. On June 12, 2009, the court held Brockington's sentencing hearing. See Judgment [D.E. 17]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") and ruled on Brockington's objections. The court calculated Brockington's total offense level to be 33, her criminal history category to be VI, and her advisory guideline range to be 235 to 293 months. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1 [D.E. 15], the court sentenced Brockington to 144 months' imprisonment. See Judgment [D.E. 17].

On April 16, 2015, Brockington filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 30]. Brockington's new advisory guideline range is 188 to 235 months' imprisonment based on a total offense level of 31 and a criminal history category of VI. See Resentencing Report 1. Brockington

seeks a 120-month sentence. See [D.E. 32] 1. On May 9, 2016, the government responded to Brockington's request. See [D.E. 35].

The court has discretion to reduce Brockington's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brockington's sentence, the court finds that Brockington engaged in serious criminal behavior. See PSR ¶¶ 1–7. Furthermore, Brockington has a lengthy and disturbing criminal history, including multiple convictions for very violent behavior. See id. ¶¶ 9–24. Brockington also has done poorly on supervision. See also ¶¶ 13, 17, 21, 24. Nonetheless, while incarcerated on her federal sentence, Brockington has taken some positive steps. See Resentencing Report 1–2; [D.E. 32] 5–8; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Brockington received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Brockington's sentence would threaten public safety in light of her serious criminal conduct, violent criminal history, and poor performance on supervision. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Brockington's serious criminal conduct, violent criminal history, and poor performance on supervision do not support reducing Brockington's sentence. Thus, the court denies Brockington's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

2

In sum, Brockington's motion for reduction of sentence [D.E. 30] is DENIED. Brockington's motion to expedite [D.E. 34] is DISMISSED as moot.

SO ORDERED. This 11 day of May 2016.

                                                        JAMES C. DEVER III
                                                        Chief United States District Judge